## ZOUNES v. DASSIOS.

1. SALES—FRAUD—WAIVER—AFFIRMING CONTRACT.

Where the purchaser of a restaurant, after discovering that he had been defrauded, affirmed the sale by executing a new agreement and a chattel mortgage, he could not thereafter rely on the fraud as a basis for canceling the contract.[1]

2. SAME—CONSENT—CHATTEL MORTGAGES.

Where the sellers of a restaurant, after receiving notice from the buyer that he intended to close the place on a certain date unless they took possession and refunded to him the amounts paid, notified him that they elected to take possession under their chattel mortgage, and thereafter took possession, it cannot be said that they took possession under the notice of repudiation and by so doing consented to the cancellation of the contract.[2]

[1]Sales, 35 Cyc. p. 92; [2]Contracts, 13 C. J. § 624.

Appeal from Wayne; Mandell (Henry A.), J. Submitted January 13, 1926. (Docket No. 175.) Decided March 20, 1926. Rehearing denied June 8, 1926.

Bill by Jeffres C. Zounes against George Dassios and others for the cancellation of a contract on the ground of fraud. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*Ernest N. Pappas,* for plaintiff.

*Abbott, Schoeffel & Coulter,* for defendants.

McDONALD, J. The purpose of this bill is to compel the cancellation of a contract for the purchase by the plaintiff of a restaurant business in the city of Detroit. Fraud is alleged relative to the receipts and profits of the business. The contract was made on the 11th of April, 1924. The consideration was $4,700, $1,500 of which was to be paid by two checks of $1,000 and $500, and the balance in a series of notes secured by a chattel mortgage on the property. Under this contract the plaintiff took possession. Three days thereafter he claims to have discovered that the defendants had misrepresented the receipts and profits of the business, and at once began this suit. On the day the suit was started there was an additional $500 due on the contract which the plaintiff did not pay. He remained in possession. On the 17th of April, 1924, four days after the commencement of suit, the parties got together and made a new agreement. The consideration was the same but the payments were more favorable to the plaintiff. A new set of papers consisting of a bill of sale, chattel mortgage, and a new series of notes were executed. The plaintiff continued in operation of the business until April 21, 1924, when he authorized his attorney to notify the defendants by letter that the place would be closed

on the 25th day of May, 1924, unless before that time the defendants would take possession and refund to him the amounts that he had paid on the purchase price. On April 23, 1924, the plaintiff by his attorney sent a second letter to the defendants in which he said that the place would be closed on April 25, 1924, instead of May 25, 1924. On April 24, 1924, the day before the plaintiff was to relinquish possession, the defendants served upon him a notice of the foreclosure of the chattel mortgage, in which notice they delegated Joseph DeYoung, a constable of the city of Detroit, to receive possession for them. In due time the mortgage was foreclosed.

On the hearing it was the contention of the plaintiff that the defendants took possession under his notice of repudiation, and by so doing consented to the cancellation of the contract. The circuit judge accepted this view of it and entered a decree for the plaintiff. The defendants have appealed.

The question in issue involves a construction of the act of defendants in taking possession of the property. If they took possession in acceptance of the terms of the plaintiff's notice, the court properly disposed of the case. If, on the other hand, they took possession by virtue of their chattel mortgage, the court was wrong in entering a decree for the plaintiff. The question of fraud is not now in the case and cannot be a basis for a cancellation of the contract. This is on the ground that after discovering the fraud and commencing suit, the plaintiff affirmed the sale in a new agreement under which he executed a new chattel mortgage, new notes and accepted a new bill of sale.

We cannot agree with the circuit judge that defendants took possession of the property in acceptance of the plaintiff's notice of repudiation of the contract. The best evidence, and in fact the only evidence as to the character of their possession, is found in their

notice to the plaintiff that they elected to take possession to foreclose the chattel mortgage, and that for that purpose they had delegated a constable of the city of Detroit to receive possession for them.    In this notice they said:

"That the undersigned under date of April 23, 1924, have received notice from Ernest N. Pappas, your attorney, stating that the place of business located at the above address will be closed on Friday the 25th day of April, A. D. 1924, and that by reason thereof as well as by reason of the fact that the said business has been improperly managed and taken care of since the time that you assumed possession of the same, the undersigned deem themselves to be insecured with reference to the security of said chattel mortgage and they therefore elect under the provisions thereof to take possession of all the goods and chattels and other property and interests covered by said chattel mortgage."

In view of the language of this notice it cannot be said that the defendants took possession in acceptance of the plaintiff's offer.    It was the only reply to the plaintiff's notice, and it distinctly denies his right to repudiate the contract.    We think the court reached a wrong conclusion in finding that by their act of taking possession the defendants accepted the plaintiff's offer to cancel the contract.

The decree is reversed.    The plaintiff's bill should be dismissed, with costs to the defendants.

Bird, C. J., and Sharpe, Snow, Steere, Fellows, Wiest, and Clark, JJ., concurred.