TACEY v. STATE BANK OF LINWOOD.

MORTGAGES—FRAUD—RATIFICATION—WAIVER—ESTOPPEL—ELECTION.
Where a husband and wife, after executing a mortgage on their farm, claimed fraud therein, but later made a new agreement with the mortgagee, acquiesced in the mortgage, which was assigned to a bank and afterwards foreclosed, and they leased the farm with full knowledge of the foreclosure, their right to have the mortgage declared void, even if fraud was perpetrated, was waived by subsequent acts of ratification, waiver, estoppel, and election.

Appeal from Bay; Houghton (Samuel G.), J.    Submitted January 18, 1928.    (Docket No. 133.)    Decided April 3, 1928.

Mortgages, 41 C. J. §§ 326, 327.

Bill by Christopher Tacey and another against the State Bank of Linwood and others to cancel a mortgage, to set aside foreclosure thereof, and to enjoin an action at law.    From a decree for plaintiffs, defendants appeal.    Reversed, and bill dismissed.

*Kinnane & Leibrand,* for plaintiffs.

*Clark & Henry,* for defendants.

WIEST, J.    The bill herein was filed to cancel a mortgage executed by plaintiffs, set aside a foreclosure thereof, and restrain proceedings thereunder to obtain possession.    In the circuit plaintiffs had decree and defendants appealed.

Three questions are presented.

(1) Was the mortgage procured by fraud?
(2) If so, was right to relief in equity waived by acts of plaintiffs?
(3) Was defendant State Bank of Linwood a purchaser of the mortgage in good faith?

It is doubtful whether plaintiffs have made out a case of fraud.    We need not, however, determine that question, for, if the mortgage was procured by fraud, plaintiffs, by subsequent acts, waived right to file this bill.

In August, 1921, plaintiffs owned a farm of 120 acres in Bay county, upon which they had lived for many years.    They had reached an age demanding some lessening of labor, and, desiring to move to the city of Bay City, they advertised the fact and were brought to negotiations with one John MacDonald, resulting, on August 8, 1921, in a written agreement in which MacDonald was to purchase the farm at $11,500, pay $1,200 in cash, deed a house and lot in Bay City at a value of $6,500, and transfer a land contract for 80 acres of land in Bay county at a value of $3,800.    Nothing was done toward carrying out

this agreement, but plaintiffs claim that, under the belief they were executing papers in pursuance thereof, they were fraudulently induced by MacDonald, on September 8, 1921, to execute a mortgage for $3,000 on the farm to Caroline MacDonald, wife of John, in part payment of the purchase price of $6,500 for the Bay City property.   Within a few minutes after signing the mortgage plaintiffs were fully aware of the fact, for they admit that Robert L. King, an attorney and the notary who took their acknowledgment, informed them that they had mortgaged the farm, had the Bay City house on their hands, and had not sold the farm.   Nine days later plaintiffs employed Mr. King to file a bill in equity against the MacDonalds, and, September 21, 1921, a bill, signed and verified by plaintiffs herein, was filed in the Bay circuit.   The bill alleged fraud and deceit in procuring the mortgage, prayed for its cancellation and an injunction against its being sold or transferred.   An injunction was issued but rendered inoperative because the mortgage was sold and the assignment thereof recorded. September 16, 1921, Caroline MacDonald assigned the mortgage to the Northern Investment & Finance Corporation, and the assignment was recorded an hour or so before the injunction bill was filed.   No hearing of that suit was ever had, although the MacDonalds appeared and answered, denied the fraud, and set up a new agreement which we will later mention.   That suit was dismissed September 17, 1923, for want of prosecution.

While that suit was pending, and on October 29, 1921, plaintiffs agreed, in writing, with the MacDonalds to purchase the Bay City property at $5,500, to pay $3,000 by the mortgage theretofore given, $500 on May 1, 1922, and $500 on or before the first day of May each year thereafter until the full price was paid. That agreement was brought about by the activities of William C. Widmer, a real estate broker who had

an office in a room adjoining that of plaintiffs' attorney. Mr. Widmer had learned of the suit, to set aside the mortgage and met Mr. MacDonald when the, latter visited plaintiffs' attorney, and induced MacDonald to agree to reduce the price of the Bay City house to $5,500, and later explained this to plaintiffs and they agreed to be satisfied therewith. Thereupon the second agreement above mentioned was prepared by plaintiffs' attorney, taken to their home, there fully explained to them, and executed. That agreement was considered and treated as an adjustment of the mortgage matter. At the time the agreement was executed plaintiffs gave their note to Widmer for $145, to pay him $125 for his services in bringing about the adjustment, and the sum of $20 to their attorney for his services. This note was later paid.

Earl E. Cameron and Grace I. Cameron brought a suit in chancery against the MacDonalds and plaintiffs to foreclose a land contract under which the MacDonalds were purchasing the Bay City property. Upon sale in that foreclosure proceeding there was a surplus of $170.42, and claim was made to the surplus by Amos J. Woolfit, assignee of the MacDonalds, and he filed a petition asking that the surplus be turned over to him. Plaintiffs herein appeared in that proceeding by Hubert J. Gaffney, their attorney, set up that they had acquired all the right, title and interest of the MacDonalds in the Bay City property and claimed right to have the surplus arising from the foreclosure sale. The court awarded the surplus to plaintiffs herein April 17, 1923.

The Northern Investment & Finance Corporation was organized by Paul R. Dinsmore about the time the mortgage was given by plaintiffs. Plaintiffs paid the interest on the mortgage for the first year to the assignee, the Northern Investment & Finance Corporation. In dealings between defendant State Bank of Linwood and Dinsmore this mortgage became the

property of the State Bank of Linwood by assignment executed by the Northern Investment & Finance Corporation. The State Bank of Linwood foreclosed the mortgage by advertisement and became the purchaser at the sale on April 28, 1924.

November 5, 1925, plaintiffs brought suit at law, in the Bay circuit, against the MacDonalds. The MacDonalds appeared by an attorney and that case is still pending.

Plaintiffs remained on the farm, and, knowing of the foreclosure sale, on the second day of May, 1925 (the sheriff's deed of foreclosure having become effective), they leased the farm from the State Bank of Linwood for the season of 1925, and agreed to pay the taxes on the farm for the years 1923, 1924, and 1925, and also $300 for the use of the premises, payable $100 in cash, a note for $200 payable on or before November 1, 1925, indorsed by Lewis J. Weadock, who was then their attorney. This lease was in writing and gave plaintiffs the option to obtain a quitclaim deed of the premises at any time before January 1, 1926, upon payment of $3,650.88 and interest thereon from April 28, 1925, and the $300 rental, together with the taxes. It was also agreed therein that if plaintiffs elected not to so purchase they should deliver up the premises on or before January 1, 1926. Plaintiffs paid the $100 and gave their note, indorsed by their attorney, for $200, and later paid the note and the taxes on the farm for the years 1923 and 1924. At the expiration of the lease plaintiffs did not elect to purchase, neither did they surrender possession of the farm.

On July 16, 1926, the State Bank of Linwood commenced a summary proceeding before a circuit court commissioner to obtain possession. July 29, 1926, judgment of restitution was entered by the commissioner and later a writ of restitution was issued and

was in the hands of the sheriff at the time the suit
at bar was commenced in March, 1927.

Under the facts stated, plaintiffs cannot have the
relief asked for 'and granted' in the circuit.    We are
of the opinion that, even if fraud were perpetrated,
right to have the mortgage declared void was waived
by subsequent acts of ratification, waiver, estoppel,
and election.

The decree in the circuit is reversed, and a decree
will be entered here dismissing the bill, with costs to
defendants.

NORTH, FELLOWS, CLARK, MCDONALD, and SHARPE,
JJ., concurred.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.