DERTINGER v. LATHRUP.

1. FRAUD—COMPROMISE AND SETTLEMENT—RESCISSION—WAIVER.
Where plaintiff, after discovery of fraud in sale to her of lots on contract, made settlement, executed new contracts, and partly performed them, she waived right to rescind for said fraud.

2. COSTS.
Where, in suit to set aside contracts for purchase of lots on ground of fraud, bill was properly dismissed because fraud had been waived by settlement and execution of new contracts by plaintiff, defendant was entitled to costs.

Appeal from Wayne; Dehnke (Herman), J., presiding. Submitted June 3, 1930. (Docket No. 6, Calendar No. 34,687.) Decided October 3, 1930.

Bill by Eva Dertinger against Annie Lathrup and others for rescission of a land contract and cancellation of a deed. From decree dismissing the bill, but

without costs, both parties appeal. Modified and affirmed.

*Frederick E. McCain,* for plaintiff.

*Slyfield, Hartman & Mercer,* for defendants.

FEAD, J. In June, 1926, plaintiff agreed to purchase certain lots from defendants on contract. She gave them a deed of another lot as down payment. Difficulty arose about the execution of formal contracts, and, upon the claim that she had been defrauded in the purchase, plaintiff commenced suit for rescission in August. The cause came on for hearing in April, 1927, at which time, through negotiation of the attorneys, a settlement was reached and contracts of purchase were executed, differing in some respects from the original agreement. Plaintiff commenced payments on the contracts in January, 1928, and continued to December, 1928. She became delinquent, foreclosure was threatened, and she began this suit in March, 1929, to rescind the contracts and recover the payment of land and money on the basis of the original fraud claimed. Defendants had decree dismissing the bill, but without costs, and both parties appealed.

By making the settlement, executing new contracts, and partially performing them, after discovery of the fraud, plaintiff waived the right to rescind on the basis of such fraud. *Tacey* v. *State Bank,* 242 Mich. 258; *Donaldson* v. *Simons,* 238 Mich. 65; *Jensen* v. *Evans,* 230 Mich. 199; *Kintz* v. *Galvin,* 219 Mich. 48; *Zounes* v. *Dassios,* 233 Mich. 651.

Defendants were entitled to costs in circuit court. As so modified, the decree is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.