HARRY & MAX DUNITZ, INC., *v.* MEINECKE.

1. Vendor and Purchaser—Fraud—Optional Remedies—Rescission—Damages.
    Vendees, on discovering that they had been defrauded, had option to disaffirm and rescind, or affirm and sue for damages.

2. Same—Election of Remedy—Waiver—Estoppel—Rescission.
    Where vendees, after discovering that they had been defrauded, continued to make payments, entered into agreement modifying contract, and made payments thereon, they made election to affirm contract, and thereby lost right to rescind.

Appeal from Wayne; Driscoll (George O.), J., presiding. Submitted October 5, 1932. (Docket No. 23, Calendar No. 36,611.) Decided December 6, 1932.

Bill by Harry & Max Dunitz, Inc., a Michigan corporation, contract vendor's assignee, against Helmuth Meinecke and another to foreclose a land contract. Cross-bill by defendants against plaintiff, Joseph Berger, and others for rescission. Decree for cross-plaintiffs. Plaintiff appeals. Reversed as to plaintiff, and decree for foreclosure granted.

*Shapero & Shapero,* for plaintiff.

*Trent McMath* and *Charles R. Fox* (*Alfred Lindbloom,* of counsel), for defendants.

*John W. Babcock,* for cross-defendants Berger.

FEAD, J. The suit is for foreclosure of a land contract. Defendants Meinecke claimed fraud, and, on cross-bill, had decree for rescission, with personal judgment against defendants Berger, which was made a lien on the premises, for the difference between payments made on the contract and rental value of the premises. Plaintiff appealed.

Berger sold to Dr. and Mrs. Meinecke on land contract December 10, 1926. The vendor's interest was conveyed successively to Detroit Parkside Realty Company January 21, 1927, to Michael O'Brien, February 15, 1928, to Max and Harry Dunitz, as individuals, February 15, 1928, and to plaintiff corporation on January 9, 1931.

Defendants Meinecke claimed that Berger represented the house to be of the best construction and

promised to correct defects apparent when they bought and any others that should appear. Some defects developed during the first year and others later. Defendants Meinecke said they relied on Berger's promise, and did not become convinced they had been defrauded until October, 1930.

The testimony is voluminous, and raises several questions, particularly in connection with the undisputed facts that defendants Meinecke made contract payments to the respective holders of the vendor's interest without complaint or claim of fraud until suit was brought, and that when the Dunitzes purchased, Harry made inquiry of Dr. Meinecke, told him they were about to buy, and the doctor assured him that he was satisfied with the house. It is unnecessary to discuss these questions, as another phase of the controversy is determinative upon the right to rescind.

In February, 1931, defendants were in arrears in payments, and plaintiff threatened foreclosure. Defendants consulted an attorney, and, on February 4th, a written agreement was made providing for payment of the delinquency in instalments, in connection with the regular contract payments. Defendants paid under this agreement to May 13, 1931.

Assuming that all remedies were then open to them, defendants Meinecke, on becoming certain of fraud in October, 1930, had the option to disaffirm and rescind or affirm and sue for damages. They also had the duty to make the election within a reasonable time. When, after discovery of the fraud, they continued to make payments on the contract, entered into an agreement modifying it, and made payments thereon, they made an election to affirm the contract and lost the right to rescind. *Bennett* v. *Hickey,* 112 Mich. 379; *Mestler* v. *Jeffries,* 145

Mich. 599; and, see, *Dertinger* v. *Lathrup,* 251 Mich. 476.

Decree is reversed as to plaintiff, and one may be entered in its favor against defendants Meinecke for foreclosure, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.